
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

EUGENIA ANN ROWLAND,

Defendant/Movant.

Cause No. CR 14-27-BLG-SPW
CV 19-04-BLG-SPW

ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY

This case comes before the Court on Defendant/Movant Eugenia Ann Rowland's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Rowland is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Claim and Analysis

Rowland pled guilty to second-degree murder, a violation of 18 U.S.C. § 1111(a). On February 12, 2015, she was sentenced to serve 264 months in prison, to be followed by a five-year term of supervised release.

Rowland now seeks resentencing on the grounds that the Supreme Court has found a portion of the definition of "crime of violence" in 18 U.S.C. § 16(b) unconstitutionally vague. *See* Mot. § 2255 (Doc. 141) at 4 (referring to *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018)). *Dimaya* concerned the legal definition of a term of art that appears in a number of federal statutes and also in the version of the United States Sentencing Guidelines that was in effect at the time of Rowland's sentencing.

But that definition did not play any role in Rowland's case. The elements of second-degree murder were set forth at the time of Rowland's guilty plea. *See* Change of Plea Tr. Cont'd. (Doc. 114) at 13:5–14:3; Am. Offer of Proof (Doc. 86) at 2–3. They did not involve any definition of a "crime of violence." The statutory penalty range, "any term of years or life," 18 U.S.C. § 1111(b), was set by

conviction on the elements, not by any other factor involving the phrase "crime of violence."

In the advisory guideline calculation, the base offense level of 38 applies to all persons convicted of second-degree murder. Rowland received a two-level upward adjustment for obstruction of justice and a two-level decrease for acceptance of responsibility. She had zero criminal history points for a criminal history category of I. The advisory guideline range was 235 to 293 months. None of those decisions depended on the definition of a "crime of violence." *See* Presentence Report ¶¶ 44–59; U.S.S.G. §§ 2A1.2(a), 3C1.1, 4A1.2(e)(3) (Nov. 1, 2014). Rowland's sentence, imposed under 18 U.S.C. § 3553(a), was in the middle of the guideline range and, again, involved no interpretation or application of the phrase "crime of violence." *See* Sentencing Tr. (Doc. 115) at 57:17–62:15.

Anyone would agree that Rowland committed a violent crime. But the legal definition of a "crime of violence" as the phrase is used in federal law had no bearing on her case. Her motion under § 2255 is denied for lack of merit.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

3

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Jurists of reason could find nothing to debate here. The phrase "crime of violence" played no role in Rowland's case. The Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), is irrelevant. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Rowland's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 141) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Rowland files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 19-04-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Rowland.

DATED January 17th, 2019.

Susan P. Watters
United States District Court